Appellant Gerald W. Moore, Jr. was indicted, tried and convicted in the Circuit Court of Jackson County for the unlawful sale of lysergic acid diethylamide (LSD) and sentenced to serve a term of five years in the State Penitentiary. From this conviction and sentence he appeals. We affirm the conviction and remand for a proper sentence.
The jury in this case was justified in finding from the evidence that on April 12, 1971, appellant sold 45 LSD tablets to Terry Bulloch, an undercover narcotics agent, for the sum of $45.
Appellant first urges that the trial court was in error in overruling his motion to quash the indictment. The basis for the contention is that the indictment charged him with unlawfully selling LSD in violation of the Uniform Controlled Substances Act of 1971 and that the offense charged was committed prior to the effective date of this Act. In other words, he contends that his conviction is a nullity because he was indicted under a statute which did not become effective until after the alleged crime was committed. The same contention was made in Alston v. State,258 So.2d 436 (Miss. 1972). There we said:
 We hold that the indictment was valid for the following reasons: (1) It is not necessary to designate the statute under which an indictment is drawn, and if the crime is charged in words aptly charging the offense the indictment is sufficient. Pearson v. State, 248 Miss. 353, 158 So.2d 710
(1963). The sale of marijuana constituted a crime before the 1971 Act, and likewise constitutes a crime under the 1971 Act. The indictment aptly charged the crime of selling marijuana under the previous law, and reference to the 1971 Act at most was mere surplusage. Dendy v. State, 224 Miss. 208, 79 So.2d 827 (1955). (2) The 1971 Act, Code section 6831-83(a), provides that the penalty for violations prior to the effective date of the 1971 Act shall be prescribed in accordance with the 1971 Act. It follows that it was appropriate to refer to the 1971 Act in the indictment for if the sale of marijuana was not a violation under the new Act there would be no penalty to prescribe. (3) The 1971 Act does not increase the punishment for violations involving the sale of marijuana; it mollifies the rigor of the previous law. Therefore, it is not within the prohibition against the enactment of ex post facto
laws. McGuire v. State, 76 Miss. 504, 25 So. 495 (1899). (258 So.2d at 437).
The foregoing decision is controlling on this point and is dispositive of this issue.
Appellant urges that the trial court was in error in granting Instruction No. 1 at the request of the State. The record reflects that this case was tried after June 1, 1971, the effective date of Mississippi Supreme Court Rule 42. The pertinent part of this rule states:
 It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction on the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. This rule shall take effect and be in force as to all cases tried after June 1, 1971.
The record does not reflect that appellant made any objection to the instruction now complained of in the trial court, and, *Page 416 
consequently, we will not consider this assignment of error.
Appellant assigns several other errors for reversal of this case, and, after carefully considering them, we find them to be without merit, except that it does appear that the sentence imposed is excessive. Although the offense for which appellant was convicted was committed prior to the effective date of the Uniform Controlled Substances Act, he was tried after the effective date of this Act and, as was pointed out in Alston v. State, supra, Section 6831-83(a) prescribes that the penalty for the violation committed prior to the effective date of the Act but tried afterwards shall be prescribed in accordance with the Uniform Controlled Substances Act. Apparently, in imposing the sentence the trial court considered that the sentence should be imposed in accordance with the provisions of Section 6831-70(a) (1); however, LSD is not a narcotic drug as defined by the Act, and sentence should have been imposed in accordance with Section 6831-70(a) (2), which provides for a maximum sentence upon conviction of sale of a non-narcotic substance of not more than four years in prison.
For the reasons stated this case is affirmed and remanded for the imposition of such sentence as the trial court may deem appropriate not to exceed the maximum allowed by law.
Affirmed and remanded.
GILLESPIE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur. *Page 808