SUGG, Justice.
Appellant was convicted of the sale of lysergic acid diethylamide (LSD) and sentenced to serve five years in the State Penitentiary. After carefully considering the errors assigned by appellant, we find them to be without merit, except that the sentence imposed is in excess of that permitted by law.
The offense for which appellant was convicted was committed before the effective date of the Uniform Controlled Substances Act which is Chapter 521, Laws of Mississippi, 1971.
Section 33(a) of the Act provides:
Prosecution for any violation of law occurring prior to the effective date of this act shall not be affected or abated by this act and the penalty for such violation shall be prescribed in accordance with Section 24(g) of this act.
Section 24(g) of the act provides that any person previously indicted under a prior act for violation of any law regarding controlled substances but not sentenced shall be sentenced under the provisions of the act.
In the cases of Moore v. State, 264 So.2d 414 (Miss.1972) and Fisher v. State, 264 So.2d 832 (Miss.1972), we held that one convicted for the sale of LSD should be sentenced under Section 20(a)(2) where such sale was made before the effective date of the Uniform Controlled Substances Act and sentence imposed after the effective date of the act.
Section 20(a)(2) is as follows:
Any other controlled substance classified in Schedule I, II, or III, as set out in Sections 7, 8, and 9 of this act, is guilty of a felony and upon conviction may be imprisoned for not more than four (4) years, or fined not more than Two Thousand Dollars ($2,000.00), or both;
This case is affirmed as to conviction, but remanded for the imposition of such sentence the trial court may deem appropriate not to exceed thé maximum allowed by law.
Affirmed and remanded.
GILLESPIE, C. J., and JONES, SMITH and BROOM, JJ., concur.