The appellant was convicted of the sale of lysergic acid diethylamide (LSD) and sentenced to three years in the state penitentiary by the Circuit Court of Lauderdale County. Although the appellant was tried and convicted under the Uniform Narcotic Drug Act of 1962, sentence was imposed under the Uniform Controlled Substances Act of 1971, Mississippi Code 1942 Annotated section 6831-74(g) (Supp. 1971), which authorizes sentence under the later act. The sentence, therefore, was in accordance with Section 6831-70(a) (2) of the later act.
The appellant contends that the prior act makes unlawful the "sale" of a controlled substance, but since the later act does not refer specifically to punishment for a "sale," referring only to "manufacture, delivery, or possession," there presently exists no punishment for the "sale" of LSD and therefore, the appellant must be discharged. We are of the opinion this issue is controlled by Fisher v. State, 264 So.2d 832 (Miss. 1972), and Moore v. State, 264 So.2d 414 (Miss. 1972), as well as Kyzar v. State, 271 So.2d 390 (Miss. 1972) wherein we held, under similar circumstances, that one convicted for the sale of LSD should be sentenced under Mississippi Code 1942 Annotated section 6831-70(a) (2) (Supp. 1971).* We think it clear that the legislative intent in its use of the word "delivery" was to relieve the state of the task, oftentimes difficult if not impossible, of proving the consideration paid for the contraband, its intentions being to thwart the exchange or transfer of the substance whether accompanied by consideration or not.
We have considered the above assignment of error as well as that appertaining to the *Page 178 
introduction of the "LSD" pills and find both to be without merit.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.
* Amended May 1972.