## Larry ANDERSON *v.* STATE of Arkansas

CR 82-10                          630 S.W. 2d 23

Supreme Court of Arkansas
Opinion delivered March 15, 1982
[Rehearing denied April 19, 1982.*]

*Paul E. Hopper* of *Coop & Hopper,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The information charged that Anderson delivered a quarter of a pound of marihuana to each of two undercover officers, for a consideration of $135 each. The jury's verdicts were "Guilty," with a five-year sentence on each count. For reversal Anderson argues that the State's proof was insufficient, because nothing of value was exchanged for the marihuana. We do not regard that exchange as being essential to the commission of the offense charged.

The undercover officers' testimony was that they had arranged to buy two quarter-pounds of marihuana from one Ronald Wills. When they went to Wills's house, Anderson answered the doorbell and accompanied them to their car to complete the purchase. They said that Anderson confirmed

---

*PURTLE, J., would grant the petition.

the agreed price of $135, said that the marihuana was of good quality, and handed each officer a plastic bag of marihuana. The officers, fearing that Anderson had seen their identification lying on the seat of the car, arrested him without first paying for the drugs. Anderson denied that there had been any discussion of marihuana or of a price. He said that as he was leaving the house Wills handed him a paper sack. He testified he accompanied the officers to their car because he wanted a ride, and he thought he was giving them a sack containing old clothes. The jury evidently believed the State's testimony.

Our statute is, with some amendments, the Uniform Controlled Substances Act, 9 U.L.A. 187 (1979). The Uniform Act does not require a sale of a controlled substance, only its delivery, the definition being:

> "Deliver" or "delivery" means the actual, constructive, or *attempted* transfer from one person to another of a controlled substance, whether or not there is an agency relationship. [Our italics.]

The Supreme Court of Mississippi reasoned that the word delivery was used "to relieve the state of the task, oftentimes difficult if not impossible, of proving the consideration paid for the contraband, its intentions being to thwart the exchange or transfer of the substance whether accompanied by consideration or not." *Wilkins* v. *State,* 273 So. 2d 177 (Miss., 1973).

Our legislature modified the Uniform Act's definition of delivery by inserting the further requirement that it be "in exchange for money or anything of value." Ark. Stat. Ann. § 82-2601 (f) (Repl. 1976). It is reasonable to believe that the added words were intended to make the comparatively severe penalty for delivery inapplicable to a gratuitous transfer, such as the action of two or more persons in smoking one marihuana cigarette by passing it around. Our legislature, however, left intact the Uniform Act's provision that a delivery includes an *attempted* transfer. Here the jury could find from substantial evidence that Anderson attempted to transfer the two bags of marihuana in exchange for an

agreed sum of money and had completed his part of the transaction. The proof therefore supports the convictions.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The only issue presented to the court is whether Ark. Stat. Ann. § 82-2601 (f) (Repl. 1976) requires proof of the delivery to be accompanied by receipt of money or anything of value in exchange for the controlled substance. To begin let us read the whole of Section (f) which states:

> "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance in exchange for money or anything of value, whether or not there is an agency relationship.

I have read this section several times and I cannot discover anything ambiguous about it. It simply states that a delivery is completed when the person delivering or attempting to deliver a controlled substance receives money or anything of value in exchange therefor.

Ark. Stat. Ann. § 82-2642 (Repl. 1976) reads as follows:

> For the purposes of this Act (§§ 82-2641 — 82-2643), the term "delivery" means the actual or attempted transfer from one person to another of a controlled substance included in Schedule I of Act 590 of 1971 (§ 82-2605), as amended, in exchange for money or anything of value, whether or not there is an agency relationship.

The two statutes are for all practical purposes identical. Both state that the delivery or attempted delivery must be in exchange for money or anything of value. There is nothing difficult about the words or the manner in which they are used. There has been no change of the definition of the word "delivery" since 1971, thus I believe the General Assembly is satisfied with the law as it is written. The Uniform Con-

trolled Substances Act was obviously intentionally changed by the General Assembly.

Ark. Stat. Ann. § 82-2617 (a) (Supp. 1981) reads as follows:

> Except as authorized by this Act (§§ 82-2601 — 82-2638) it is unlawful for any persons to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

From the above language it is quite clear that the General Assembly made it a violation of the law to "deliver" or possess with "intent to deliver" a controlled substance. The state of Arkansas very carefully changed the Uniform Controlled Substances Act by inserting the additional requirement that the "delivery" must be "in exchange for money or anything of value." The most logical conclusion to be reached by the addition of the words "in exchange for money or anything of value" is to distinguish the crime of "delivery" from that of "intent to deliver" which is included in the same sentence under Ark. Stat. Ann. § 82-2617 (a). Also, another logical reason is that it was the intention of the legislature to prevent a person who gives away a controlled substance from suffering the same harsh penalty as one who sells or deals in controlled substances.

The majority is quite misleading in quoting the Uniform Controlled Substances Act, seeing as how the section of the Uniform Act in question was never adopted in Arkansas. The Mississippi case cited also seems to interpret the Uniform Act, rather than the law as it reads in Arkansas. If the majority wishes to uphold the Uniform Controlled Substances Act rather than the applicable Arkansas statutes, they are in effect rewriting our laws. This is exactly what the majority's opinion has done. It is not our responsibility to change the charges to meet the results obtained at the trial. It is the state's responsibility to place and prove the proper charge against an accused. The results of the State's failure to do so is usually to try the case again in a proper manner.

We have interpreted part of this statute on numerous occasions. In *Curry* v. *State,* 258 Ark. 528, 527 S.W. 2d 902 (1975), we upheld the conviction for delivery of a controlled substance and stated:

> The act [of delivery] is condemned any time the transfer is "in exchange for money or anything of value."

In the case of *Ryan* v. *State,* 260 Ark. 270, 538 S.W. 2d 702 (1976), we upheld a conviction for "possession of a controlled substance (marijuana) with intent to deliver." In upholding this portion of the statute we stated:

> Of course, as to the second phase of the argument, the intent to deliver element is a legal presumption embodied in Ark. Stat. Ann. § 82-2617 (d) (Supp. 1975).

Our decisions clearly reveal that Ark. Stat. Ann. § 82-2617 provides penalties for "delivery" and also for "possession with intent to deliver." We have upheld convictions on both of these provisions but we have never before been called upon to ignore the provision of the law which requires the exchange of "money or anything of value."

I agree with the majority that "delivery" includes "attempted transfer." However, "attempted transfer" does not include "accepting money or anything of value." Such construction amounts to rewriting the statute. We are bound by the rule of strict construction in this case. *Austin* v. *State,* 259 Ark. 802, 536 S.W. 2d 699 (1976). It is pure semantics to argue that the word "attempted" modifies "transfer" but if it does, it certainly does not modify the phrase "in exchange for money or anything of value."

It is plain from the record that a charge of "attempted delivery" could have withstood scrutiny and still given the appellant a felony conviction. However, in view of the undisputed fact that no money or anything of value was given in exchange for the marijuana I would reverse rather than rewrite the law.