## Donald Brian (Punk) HAWKSLEY *v.* STATE of Arkansas

CR 82-86                                        637 S.W.2d 573

Supreme Court of Arkansas
Opinion delivered July 12, 1982

*Jeff Duty,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of burglary, aggravated assault, criminal mischief, and two counts of battery and imposed sentences totalling ten years. All charges stem from an incident occurring around 7:30 a.m., February 27, 1980, when the appellant entered an apartment occupied by Cathy Chastain and Robert Clayton. A fight erupted. Chastain and Clayton received injuries requiring medical treatment.

We first consider appellant's argument that the court erred in admitting into evidence, over appellant's objections, proof of disorderly conduct, escape, and criminal mischief in the second degree which involved other persons and occurred several years prior to the incident here. During cross-examination of the appellant, the following exchange took place:

> Q. Do you remember an incident in July of '77 in which you were convicted of escape and disorderly conduct and criminal mischief in the second degree?
>
> (Defense Counsel):
>
> Object to that. I'd like to approach the bench on that. . . .
>
> (Prosecuting Attorney):
>
> Your honor, they have raised the issue of self defense . . . . This goes specifically to acts of conduct or misconduct . . . . This is for impeachment. They have raised the issue of self defense and I think I can show what he's been doing all his life, whether it has to do with violence . . . .

Following a colloquy between the state and the defense attorneys, the court overruled the objection, stating "It's an incident involving violence"; neither a conviction nor arrest makes any difference, and therefore, appellant could be asked about whether he was involved in violence in a particular incident.

The trial court erred in overruling appellant's objec-

tion, which we feel was sufficient. Rule 608 (b) of the Uniform Rules of Evidence provides that the trial court may, if it finds good faith and the probative value of the testimony outweighs the prejudicial effect, allow questions about certain offenses if the misconduct relates to honesty and truthfulness. "Questions regarding appellant's violent nature and destruction of property are wholly unrelated to his propensity for honesty, and therefore, improper." *Divanovich* v. *State*, 271 Ark. 104, 607 S.W.2d 383 (1980). See McCormick, Evidence, § 43 (2d Ed. 1972); 3 Weinstein's Evidence § 608[05] (1981).

Rule 609 deals with impeachment by evidence of conviction of crime. Section (a) provides:

> General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Thus, before the evidence of convictions of crimes was admissible the court had to be satisfied they were crimes either (1) punishable by imprisonment in excess of one year or (2) involved dishonesty or false statement. Once counsel raises the issue of whether the defendant's prior convictions should be excluded from trial, the trial judge has the duty to see that he is informed of the relevant considerations before admitting the evidence. Clearly, the disorderly conduct, § 41-2908, a class C misdemeanor, was not admissible. Escape ranges from an admissible class C felony, first degree escape, § 41-2810 to an inadmissible class A misdemeanor, third degree escape, § 41-2812. Criminal mischief in the first degree, § 41-1906 can be admissible as a class C felony or inadmissible as a class A misdemeanor, depending on the value of the property destroyed. Criminal mischief in the second degree, § 41-1907, is an inadmissible misdemeanor. The state did not prove, nor did the trial judge make

sufficient inquiry in the conference at the bench, to determine if the convictions were for crimes punishable by imprisonment in excess of one year and thus admissible into evidence.

The convictions were not admissible as convictions of crimes involving dishonesty and false statement. Those convictions are peculiarly probative of credibility and are always to be admitted without regard to grade of offense or length of sentence. Examples are perjury, subornation of perjury, criminal fraud and embezzlement. Thus, the prior convictions were not admissible for attacking the credibility of appellant under Rule 609.

Neither was the evidence admissible under Rule 404 to prove a trait of character. First, appellant on direct examination did not testify to a character trait of non-violence and so no rebutting evidence was admissible. Rule 404 (a) (1). Second, it was not admissible under 404 (b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Two of the charges in the present case were battery in the first degree and aggravated assault. The testimony concerning prior crimes was not relevant to prove intent to commit the crimes charged. For a complete discussion of cases involving evidence admissible to prove intent see *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954); and *Moore* v. *State,* 227 Ark. 544, 299 S.W.2d 838 (1957). Here, the evidence of other crimes was not admissible and was prejudicial to the appellant.

We feel it necessary to discuss other contentions raised by appellant in view of a possible retrial. Appellant contends that the verdicts of guilty as to the charge of burglary and criminal mischief were not supported by the evidence, and the trial court erred in overruling his motion for a directed verdict on those counts. We cannot agree. In *Harmon* v. *State,* 260 Ark. 665, 543 S.W.2d 43 (1976), we said:

It is well established that a directed verdict is only proper where there are no factual issues to be deter-

mined by the jury and on appeal, the evidence will be reviewed in the light most favorable to the appellee and the judgment will be affirmed if there is any substantial evidence to support it. *Munn* v. *State*, 257 Ark. 1057, 521 S.W.2d 535 (1975).

Substantial evidence is evidence which is of sufficient force that it will compel a conclusion one way or another beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). In order for the state to prove the charge of burglary, it must show that the appellant entered or remained unlawfully in Chastain's apartment with the purpose of committing an offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977) and Commentary. The appellant argues that admittedly he had a key to Chastain's apartment with the right to come and go as he pleased; that he kept some of his clothes there and spent several nights there each week; that he had contributed substantially to her financial support; that the fact they had previously lived together at other locations indicated that he had consent to enter her apartment; and also when he went in the apartment, it was "uncertain as to what he had in mind"

The day before the incident appellant inquired at Chastain's place of employment as to her whereabouts and was informed she had left with Clayton; that night Chastain received several threatening phone calls from appellant and finally she unplugged the phone; between the time Chastain and Clayton parked their cars outside Chastain's apartment and the fight the following morning, Clayton's car had been pushed sideways into Chastain's vehicle, causing extensive damage to both cars; tire tracks near Clayton's car were made by tires similar to those on appellant's car; Clayton's car sustained approximately $1,500 damages; at approximately 7:30 a.m. appellant forcibly entered Chastain's apartment, splintering the door jam and forcing a chain lock from the wall; he observed Clayton in bed undressed; Chastain was in her night gown; the appellant was asked to leave; a fight broke out resulting in Chastain's and Clayton's injuries and medical treatment.

We feel the evidence was sufficient for the jury to infer the appellant entered or remained unlawfully in Chastain's apartment with the intent to commit an offense punishable by imprisonment. We also find the evidence sufficient to enable the jury to infer that the appellant purposely destroyed or damaged the vehicles of Chastain and Clayton in excess of $500. Ark. Stat. Ann. § 41-1906 (Repl. 1977).

The appellant next contends the trial court erred in refusing to permit testimony concerning his and Chastain's plans and plane reservations to travel to Mexico which were made about two weeks prior to the altercation and in failing to allow appellant to introduce evidence as to a $1,100 commission he gave Chastain about two months before the incident here. We agree that the court should have permitted the evidence. The state attempted to show Chastain had been trying to "break up" her relationship with appellant. The evidence as to their plans to travel together and the real estate commission were relevant to rebut the state's theory. Uniform Rules of Evidence, Rule 402. Also evidence that a civil suit had been filed by Clayton against appellant as a result of the fracas had a bearing on the extent of the bias of the witness and was admissible. See *Goodwin* v. *State*, 263 Ark. 856, 568 S.W.2d 3 (1978). In *Wright* v. *State*, 133 Ark. 16, 201 S.W. 1107 (1918), we said: "Pecuniary interest, personal affection or hostility, a quarrel or prejudice may always be shown to discredit a witness."

Appellant asserts the trial court erred in admitting statements of Chastain, given to the investigating officers, to be introduced as "binding" on the appellant as direct evidence of wrongdoing on his part toward her and failing to limit the introduction of statements to impeachment purposes only. We find no merit in this argument. First, we observe that her transcribed statements were neither read to the jury nor introduced in evidence. Further, she and appellant have married since the incident involving the alleged offenses upon her and, understandably, she appeared to be a reluctant witness. The state merely read portions of her statements in questioning her on direct examination about her past relationship with appellant and his conduct toward her. She admitted that everything in her statements

was true. We do not perceive that this procedure was "binding" upon appellant, and no error is demonstrated.

We also find no merit in appellant's contention that the court erred in permitting Clayton to detail conversations concerning the relationship between Chastain and appellant that he had with Chastain out of the presence of the appellant. On cross-examination of Clayton, appellant's counsel asked Clayton whether Chastain "let you know she had this relationship with" appellant. We feel this opened the door for the later questions on redirect by the state concerning the status of their relations.

We deem it unnecessary to discuss any of the remaining contentions raised by appellant as they are not likely to reoccur in a new trial.

Reversed and remanded.