CITY OF STAR CITY *v.* James D. SHEPHERD

CR 85-129                                    697 S.W.2d 113

Supreme Court of Arkansas
Opinion delivered October 14, 1985

*Odell C. Carter*, for appellant.

*Trafford & Bray*, for appellee.

DAVID NEWBERN, Justice. Charges were filed against the appellee in Star City Municipal Court. The charges were dismissed because the judge found the officer who brought the

charges was not a properly certified police officer. The city appealed the dismissal to the circuit court which dismissed the appeal. We affirm.

■ While we know the arguments presented to the circuit judge because the motion to dismiss and response are contained in the record, we have no idea why he dismissed the case. The record does not contain a report of any colloquy between counsel and the judge, nor was there a request that the judge state findings of fact or conclusions of law. *See* Ark. R. Civ. P. 52(a). His order merely recites the dismissal. At this point we could end our opinion by saying the appellant had the burden of presenting a record, and abstract, from which we could discern the error of which it complains. *S. D. Leasing, Inc.* v. *RNF Corporation*, 278 Ark. 530, 647 S.W.2d 447 (1983); *King* v. *Yountz*, 278 Ark. 91, 643 S.W.2d 542 (1982); Ark. R. App. P. 6(b). Some further discussion is appropriate, however, in view of the unusual nature of this case.

■ The appellant did not want the circuit court to retry Shepherd. Rather, it asked that the appeal be treated as a declaratory judgment case in which the issue would be whether the police officer was properly certified. The city thus attempted to convert an appeal of the municipal court dismissal into a declaratory judgment action. For reasons upon which we need not speculate, the city seemed to want to have the issue of the policeman's certification determined in an action to which Shepherd remained a party. That was improper. The criminal action against Shepherd was over. The City did not seek to retry Shepherd, and yet an appeal to the circuit court requires a trial *de novo*. Ark. Stat. Ann. § 44-509 (Repl. 1977). An original declaratory judgment action could have been pursued by the city, but Shepherd would not have been an appropriate party. Once the case against Shepherd had been dismissed in the municipal court, he was no longer a person who could be claimed to have any interest which would be affected by the declaration. *See* Ark. Stat. Ann. § 34-2510 (Repl. 1962).

Affirmed.

Purtle, J., not participating.