Robert Lee MARSHALL *v.* STATE of Arkansas

CR 86-9                                    712 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered July 14, 1986
[Rehearing denied September 15, 1986.]

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Robert Lee Marshall, who uses the alias Sido, was convicted of one count of delivery of a controlled substance, one count of attempt to deliver a controlled substance, and possession of marijuana. He was sentenced to 30 years and 10 years imprisonment and a $1,000 fine, respectively. On appeal he raises four arguments. Three are virtually unsupported by the abstract of the record and require affirmance. The fourth argument questions the sufficiency of the evidence. We find the argument meritless and affirm.

The first argument is that the court had no jurisdiction because the prosecution was barred for violation of the Interstate Agreement on Detainers, codified at Ark. Stat. Ann. §§ 43-3201 et seq. (Repl. 1977). The abstracted record is void of any substantial detail which could be the basis of a rational decision. Therefore we do not reach this issue. Rule 9, Rules of the Supreme Court and Court of Appeals; *City of Star City* v. *Shepherd*, 287 Ark. 188, 697 S.W.2d 113 (1985).

The second argument concerns two taped telephone conversations between Marshall and Otis Moseby, an informant for the sheriff's department. The tapes were played for the jury and Marshall objected on two grounds. The first objection was that the state failed to furnish copies of the tapes prior to trial; the state had provided only transcripts of the tapes. Marshall filed a motion for discovery but the contents of that motion were not abstracted. We therefore do not know whether Marshall requested copies of the tapes. We have no basis to find the trial judge abused his discretion in overruling the objection. Marshall has failed to carry his burden of presenting an abstract from which

the court can determine the error of which he complains. *City of Star City .v. Shepherd, supra.*

■■ The second objection to the tapes was that there was an insufficient basis for authentication and identification of Marshall as being the other party to the telephone conversation. The trial judge was satisfied that Moseby could identify the other speaker as Marshall. Rule 901, Uniform Rules of Evidence, allows telephone conversations to be introduced as evidence if they are authenticated. In this case it was within the trial court's discretion to allow the evidence. *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978).

■ Marshall raises the argument that the taped telephone conversations violated Ark. Stat. Ann. §§ 41-4501 et seq. (Supp. 1985), the Interception of Communication Act. This argument was not made to the trial court, and we do not consider arguments raised for the first time on appeal. *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985).

The third argument is that Marshall was limited in his cross-examination of Ken Dillon, a deputy sheriff, concerning previous convictions and pending charges against Moseby. On the record before us, there is no basis to find the trial court in error. *City of Star City* v. *Shepherd, supra.*

■ Marshall's fourth argument raises the issue of the sufficiency of the evidence to support two of the convictions. A review of the evidence in a light most favorable to the state .is required. Moseby testified that he obtained 12 sets of "Ts and Blues" tablets from Marshall on November 8, 1984. Each set contained two tablets: one was an antihistamine and the other tablet contained pentazocine. While no money was exchanged, Moseby testified that he and Marshall agreed over the telephone that Moseby was to pay Marshall after the "sets" were sold. Later on November 20, Moseby met Marshall at a grocery store to pay for the 12 sets and to buy 20 more. Moseby, who was wired with a transmitter, gave Marshall the money for the 12 sets. Marshall then gave Moseby the 20 additional sets. At that time someone came into the grocery store and informed Marshall that Moseby worked for the sheriff's department. Marshall told Moseby to show him he was not wearing a body mike and to return the "Ts and Blues." The officers, who were outside the store in a van

monitoring the transaction, realized Moseby was in trouble. Marshall ran to a restroom in the rear of the store and was seen by two officers following him flushing a white paper towel or napkin down the commode. Marshall dropped a firearm in the bathtub and was found in possession of 2.3 grams of marijuana.

The jury convicted Marshall of one count of delivery of a controlled substance on November 8 and one count of attempt to deliver a controlled substance on November 20.

Marshall argues there was no exchange of money or anything of value to support the November 8 conviction. We have held the exchange of drugs for money or anything of value is not essential to the commission of the offense. *Anderson* v. *State*, 275 Ark. 298, 630 S.W.2d 23 (1982). Ark. Stat. Ann. § 82-2601(f) (Supp. 1985) only requires the attempted transfer of drugs in exchange for an agreed price. There is sufficient evidence to support the conviction for delivery.

Marshall argues there is insufficient evidence to support the conviction for the attempt to deliver a controlled substance on November 20, because there is no competent evidence of a controlled substance involved in the transaction. We have held it is not essential to proof of such a charge that the substance be produced in court if one sufficiently experienced with the substance could testify that it was indeed that substance. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). Moseby had received 12 sets of "Ts and Blues" on the 8th. Moseby testified the sets he received on the 20th looked like the ones he received on the 8th. Moseby further testified he had seen "Ts and Blues" before. That is sufficient evidence of a controlled substance to support the conviction.

Affirmed.

HOLT, C.J., not participating.