STATE of Arkansas *v.* Ronnie BURGE

CR 91-61                                        811 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered July 15, 1991

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Sr. Asst. Att'y Gen., for appellee.

*G. Keith Watkins*, for appellee.

TOM GLAZE, Justice. The state charged appellee, a minor, with two counts of delivery of marijuana, a controlled substance, and, pursuant to Ark. R. Cr. P. 36.10(b) and (c), it appeals the trial court's dismissal of those charges.

At the commencement of trial, both the state and the appellee announced to the court, sitting non-jury, that they were willing to stipulate as to the results of the tests of the state chemist in order to avoid the necessity of his having to appear in court. Afterwards, however, the state did not introduce the controlled substance, so appellee moved to dismiss the charges against him. Appellee argued that, without the marijuana having been introduced into evidence, the state failed to show the substance that appellee gave the police officer, Roger Ahlf, was a controlled substance. He also argued that, without the marijuana, the state was unable to establish the chain of custody necessary to admit into evidence the chemist's test results. In sum, appellee argued below, and now on appeal, that because the marijuana itself was not introduced by the state, the state could not prove the charges against appellee.

We have consistently held that it is not essential to proof of charges of delivery or attempted delivery of a controlled substance that the substance itself, or the corpus delecti, be produced in court. *Marshall v. State*, 289 Ark. 462, 712 S.W.2d 894 (1986); *Williams v. State*, 271 Ark. 435, 609 S.W.2d 37 (1980); *Parker v. State*, 265 Ark. 315, 578 S.W.2d 206 (1979); *Washington v. State*, 248 Ark. 318, 451 S.W.2d 449 (1970). We have cautioned, however, that in those instances where the substance is not produced in court, there must be accompanying testimony by one sufficiently experienced with the substance so as to testify that it was indeed the substance. *Id.*

Here, the state called Officer Ahlf as a witness who testified that on November 30, 1989, while acting as an under-cover agent, he had spoken with the appellee about obtaining marijuana, and appellee advised that "up front money" in the amount of $110.00 would be required for an ounce of marijuana.[1]

---

[1] Although the state had charged appellee with two counts of delivery arising from

Officer Ahlf testified that he later gave the appellee $110.00 for an ounce of marijuana and that appellee and another individual reciprocated by delivering a bag containing three-quarters of an ounce of marijuana and $20.00, since the amount was less than the requested ounce.

Officer Ahlf offered testimony showing that he was an expert who could identify marijuana. Based upon his experience, Ahlf opined without objection that the substance delivered to him by appellee and his companion was marijuana. The trial court did not rule Ahlf's testimony was insufficient to establish the material given him was marijuana. Instead, it ruled that, as a matter of law, appellee was entitled to have the state introduce the marijuana into evidence so he could show the state failed to establish that its chain of custody was sufficient to prove the offense against appellant. As we stated above, the case law reflects the trial court was wrong in this specific respect.

Accordingly, we hold that it was error of the trial court to have dismissed the state's charges.

separate episodes on November 30, 1989 and December 14, 1989, it was stipulated near conclusion of trial of the November 30, 1989 episode that the proof would be essentially the same as to both.