Willie Earl JONES *v.* STATE of Arkansas

CR 94-386                                    880 S.W.2d 522

Supreme Court of Arkansas
Opinion delivered July 18, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. On September 15, 1993, the Appellant, Willie Earl Jones, was tried by jury and found guilty of two counts of delivery of a controlled substance and one count of

possession of drug paraphernalia. He was sentenced to 37 years imprisonment. He appeals on the ground that the Trial Court erred in allowing evidence of a prior conviction to be admitted in violation of Ark. R. Evid. 609. We agree and reverse the conviction and remand the case.

The State introduced evidence from which a jury could have found that Mr. Jones sold cocaine to a police informant on December 1, 1992, and again on December 7, 1992, at a house in North Little Rock. The officers returned on December 8, 1992, and purchased cocaine from Leonard Coffey, who testified for the State. The officers obtained a search warrant for the premises and on the following day recovered various items of drug paraphernalia as well as cocaine.

During the State's cross-examination of Mr. Jones he was asked about his several felony convictions. At one point he was asked if he remembered being convicted of receiving stolen property in California in 1982. Mr. Jones objected to this question on the ground that the 1982 conviction was not relevant. The Trial Court overruled the objection.

Rule 609 states in part that evidence of a prior conviction is admissible to attack the credibility of a witness if the crime:

> (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

The rule also states that evidence of a conviction is not admissible if "a period of more than ten [10] years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."

Mr. Jones contends that the State failed to show both that the crime was punishable by more than one year imprisonment, and that the time period between his conviction or release and the trial was less than ten years. He contends it was obvious that the conviction was more than 10 years old, and the Trial Court should

not have admitted evidence of it without inquiring further as to its admissibility.

In *Hawksley* v. *State*, 276 Ark. 504, 637 S.W.2d 573 (1982), Mr. Hawksley was accused of burglary, aggravated assault, criminal mischief, and two counts of battery arising from a single incident. When cross-examining Mr. Hawksley the prosecution asked whether he remembered an incident in which he was convicted of escape and disorderly conduct as criminal mischief in the second degree. The defense counsel said, "Object to that, I'd like to approach the bench on that . . . ." The prosecutor responded that Mr. Hawksley had raised an issue of self defense and she was entitled to show a prior act of violence. After an apparently unrecorded bench conference, the objection was overruled.

We held the objection was sufficient to raise the question presented by Ark. R. Evid. 609 and the State had not shown the offenses mentioned were punishable by more than a year imprisonment or involved dishonesty.

■ Writing for a unanimous Court, Justice Frank Holt said, "Once counsel raises the issue of whether the defendant's prior convictions should be excluded from trial, the trial judge has the duty to see that he is informed of the relevant considerations before admitting the evidence." The opinion then pointed out that the offenses about which the question asked might or might not have been ones involving more than a year imprisonment and stated, "The state did not prove, nor did the trial judge make sufficient inquiry in the conference at the bench, to determine if the convictions were for crimes punishable by imprisonment of one year and thus admissible into evidence."

In this case, the colloquy surrounding the question was as follows:

> MRS. MERRITT [DEPUTY PROSECUTOR]: Were you convicted in California in 1982 of receiving stolen property?
>
> MR. JONES: 1982? I might have.
>
> MR. THOMPSON [DEFENSE COUNSEL]: I'll object to the relevance of that. How is that relevant to what he's charged with today?

THE WITNESS [MR. JONES]: That don't have anything to do with this here.

MRS. MERRITT: Your Honor, again, I'm entitled to impeach him with his prior felony convictions.

THE COURT: Overruled.

The State's only argument in this appeal is that Mr. Jones's objection was insufficient to raise the issue whether the 1982 conviction was being challenged as inadmissible according to Rule 609. We disagree. If the objection was sufficient in the *Hawksley* case to raise the issue whether those convictions involved sentences in excess of one year imprisonment, the objection here to a conviction obviously more than 10 years old was sufficient to raise the issue whether it might be inadmissible because of its age. Nor do we have any idea whether the 1982 California offense alleged was punishable by more than a year imprisonment.

Rule 609, in effect, determines for the Trial Court those convictions which will be considered relevant and those which will not. The relevancy objection was thus appropriate.

We clearly have placed the burden on the Trial Court in such situations to go forward to determine whether the Rule permits the conviction to be admitted into evidence rather than on the accused to offer proof that the conviction would be excluded by the Rule. It was error for the Trial Court not to proceed in that manner in this case.

Reversed and remanded.

HAYS and GLAZE, J.J., dissent.

TOM GLAZE, Justice, dissenting. At trial, Jones objected to the state's mentioning his 1982 prior conviction because that conviction was "irrelevant" and should not have been used by the state to impeach his testimony. On appeal, Jones changes his objection, contending the state's reference to the 1982 conviction was inadmissible under Ark. R. Evid. 609(b).

First, a party cannot change the grounds for an objection on appeal. *Whitson v. State*, 314 Ark. 458, 863 S.W.2d 794 (1993). Second, it is the duty of the party desiring relief to apprise the

trial court of the proper basis upon which he relies in order to preserve an issue for appeal. *Baker* v. *State*, 310 Ark. 485, 837 S.W.2d 471 (1992). Third, an objection below must be specific enough to inform the trial court of the error complained of on appeal. *Anderson* v. *State*, 311 Ark. 332, 842 S.W.2d 855 (1992).

If the trial court (or the state) had been aware that Jones' objection would have embraced Rule 609(b), it would have known to have asked when Jones had been released from confinement from the 1982 conviction. If Jones' release date had been less than ten years, the trial judge's ruling admitting the 1982 conviction to be mentioned for impeachment purposes was correct.[1] It is unfair for this court on appeal to reverse the trial judge based on an argument not raised below. Jones having said the word "irrelevant" in no way placed the trial judge on notice that Rule 609 considerations were in issue.

Finally, the majority court cites *Hawksley* v. *State*, 276 Ark. 504, 637 S.W.2d 573 (1982), for the proposition that when a defendant's prior convictions are mentioned, the trial judge has the *duty* to see that he is informed of the relevant considerations before admitting the evidence. The *Hawksley* opinion cites no authority for such a proposition, and in fact, such a suggestion directly counters the court's well-settled law that it is the defendant's duty to state the specific grounds for his or her objections.

This court's decision that a mere general irrelevancy objection is sufficient to raise other reasons for excluding prior convictions means, henceforth, trial judges must make inquiry as to prior-conviction evidence under Ark. R. Evid. 403, 404, 405, 608 and 609 even though the defendants never specifically mention any of those rules.[2] In my view, a trial judge has no business expanding and delving into objections on his or her own volition.

Most likely, less than ten years had elapsed between Jones'

---

[1](b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten [10] years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

[2]Each of the rules obviously may have some relevance to a prior convictions admissibility.

release from confinement due to his 1982 conviction and his trial date — September 15, 1993. If so, this court's reversal is not only wrong on the law, but on the facts as well. I would affirm this case.

HAYS, J., joins this dissent.