Willie Earl JONES *v.* STATE of Arkansas

CR 95-1073                                        915 S.W.2d 722

Supreme Court of Arkansas
Opinion delivered February 19, 1996

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Willie Earl Jones was convicted

of five drug-related offenses and sentenced as an habitual criminal with four or more prior offenses to 37 years imprisonment. We reversed the conviction. *Jones* v. *State,* 317 Ark. 587, 880 S.W.2d 522 (1994). Upon retrial Mr. Jones was again convicted on five counts and sentenced to life imprisonment. Mr. Jones appeals only from one delivery count. He contends the evidence is insufficient because the State failed to prove drugs were delivered by him in exchange for money or something of value. We hold the evidence was sufficient and affirm.

In December 1992 Mr. Jones was the focus of an undercover investigation being conducted by the Pulaski County Drug Task Force. Detective Vickie Beaty-Lawson and a confidential informant were sent to a house occupied by Mr. Jones to purchase crack cocaine from him. The second of several such encounters occurred on December 7, 1992. Detective Beaty-Lawson testified that on that occasion she and the informant went to Mr. Jones's residence where they were greeted by him and asked what they needed. She said they had $60. Mr. Jones gave two "large rocks" to the informant who handed them to her. She said she handed the informant the money in Mr. Jones's presence. Mr. Jones correctly contends there is no evidence that the money was then handed to him.

The penalty for delivery of a Schedule I drug, such a cocaine, is prescribed by Ark. Code Ann. § 5-64-701(a) (Repl. 1993). Subsection (b) of the statute defines "delivery" as follows:

> For the purposes of this section, the term "delivery" means the actual or attempted transfer from one person to another of a controlled substance. . .in exchange for money or anything of value, whether or not there is an agency relationship.

As we explained in *Anderson* v. *State*, 275 Ark. 298, 630 S.W.2d 23 (1982), followed by *Marshall* v. *State*, 289 Ark. 462, 712 S.W.2d 894 (1986), by stating *"attempted transfer"* as part of the definition of "delivery," the General Assembly made it unnecessary to show an "exchange for money or anything of value" in order to prove a delivery.

There was ample evidence that Mr. Jones at least attempted to transfer cocaine to another in exchange for money.

The record has been examined in accordance with Ark. R. Sup. Ct. 4-3(h), and no errors requiring reversal have been found.

Affirmed.