Felix TAYLOR *v.* STATE of Arkansas

CR 88-73                                    764 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered February 13, 1989

*Petitioner*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for respondent.

PER CURIAM. The petitioner Felix Taylor was found guilty in a trial to the court of forgery in the second degree and sentenced to five years imprisonment with four years suspended. The Court of Appeals affirmed. *Taylor* v. *State*, CA CR 87-156 (February 24, 1988). Petitioner has filed a petition and amended petition pursuant to Criminal Procedure Rule 37 seeking post-conviction relief.

■ In September 1988 the United States District Court Eastern District of Arkansas, Western Division, entered an order vacating the judgment of conviction against the petitioner on the ground that pursuant to 28 U.S.C. § 1443 *et seq.* the circuit court did not have jurisdiction to enter the judgment because a petition for removal was pending in the federal court at the time the judgment was entered. The district court allowed the state sixty days to enter a new judgment in the case, which was done on September 20, 1988. The federal court did not question that there was a valid finding of guilt. Petitioner does not contend that he appealed from the federal court order or from the judgment entered in the trial court in September. He claims simply that he is entitled to have the original charges against him dismissed under Rule 37 on the ground that the circuit court was without jurisdiction to enter the original judgment because the petition for removal was pending. There is no basis for Rule 37 relief under these circumstances. The fact of the matter is that petitioner is clearly concerned more with the technical argument he has fashioned than with substantiating his other grounds for relief in the petition such that this court can assess whether any of the allegations warrant post-conviction relief. After a thorough review of the petition, we do not accept petitioner's conclusion that he is entitled to collaterally attack either the original judgment or the judgment entered in September or to have his case dismissed on the basis of the federal court's action. Further, we find no other ground in the lengthy petition or amended petition which has facts to support it from which it can be concluded that petitioner was denied a fair trial.

■■ The remaining allegations in petitioner's petition and amended petition are: (1) he was not given an opportunity to present a defense; (2) he was not given an attorney when sentence

was imposed; (3) the trial judge was racially prejudiced and denied him a fair trial; (4) the sentence constituted cruel and unusual punishment in violation of the eighth amendment; (5) the sentence was imposed by the trial judge because of petitioner's race and color; (6) if he had been white, the charges would not have been brought; (7) he was not afforded the right of allocution; (8) the trial judge changed the scope of the trial by hearing unnamed witnesses for the prosecution which the state had agreed would not be called; (9) the trial judge's attitude toward petitioner changed after the court made extra-judicial contact with attorneys for petitioner in a civil case and petitioner asked the court to recuse; (10) the trial judge did not allow petitioner to present a defense; (11) petitioner was brought before the trial judge on July 19, 1988, so that the judge could show his prejudice and dislike for him; (12) the trial judge asked that Will Oliver, a bail bondsman, be contacted on July 18, 1988, to determine why petitioner had not been picked-up; (13) the trial judge was unconstitutionally and illegally elected in violation of the 1965 Voting Rights Act and the fourteenth and fifteenth amendments; (14) the prosecution failed to disclose that the complaining witness had committed a bank robbery in 1981 and witness bribery in 1985; (15) on July 18, 1988, petitioner was unlawfully arrested and imprisoned by Will Oliver and held illegally and unconstitutionally until August 2, 1988, when he was transferred to the Arkansas Department of Correction; (16) the Pulaski County Jail denied him access to counsel on July 31, 1988; (17) Will Oliver had no legal authority to make the arrest, but if he did have authority, it was unconstitutionally granted by the state of Arkansas; (18) the state of Arkansas illegally allows bail bondsmen to do "what it cannot legally and constitutionally do with qualified law enforcement officials;" (19) conviction was obtained by the prosecuting attorney who was illegally and unconstitutionally elected; (20) the Arkansas Supreme Court's rule against allowing non-attorneys to check out transcripts is unconstitutional; and (21) the trial court had a duty to notify the Attorney General of the United States before proceeding further in his case. All of the allegations enumerated above are conclusory, that is, they do not state facts from which this court could conclude that the petitioner suffered any prejudice. Moreover, the allegations which relate to the events leading to petitioner's conviction are not timely raised under Rule 37. The rule is not

intended to provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for raising issues at trial or on appeal. Even questions of constitutional dimension are not preserved beyond the direct appeal unless they present questions of such fundamental nature that the judgment is rendered void. *Ruiz v. State*, 275 Ark. 410, 630 S.W.2d 44, *cert. denied*, 459 U.S. 882 (1982). None of the allegations raised by petitioner has factual substantiation from which it can be concluded that his conviction is void. The allegations which pertain to events after trial are not within the purview of the rule which is limited to questions related to the conviction and sentence, not the execution of the sentence.

■ Petitioner also asserts that he was denied the effective assistance of counsel on appeal. He contends that counsel failed to: (1) file a motion for new trial and subsequently filed a notice of appeal which prevented petitioner from filing a motion for new trial; (2) raise the jurisdictional issue on appeal; (3) prepare an adequate abstract and brief; (4) allow him to assist with the brief on appeal and denied him access to the record; (5) file a petition for rehearing and petition for review; (6) file a motion to stay or recall mandate pending appeal to the United States Supreme Court; (7) file a notice of appeal to the United States Supreme Court; (8) represent him when he was falsely arrested by Will Oliver and brought before the trial judge on July 19, 1988; and (9) pursue information provided by the prosecutor about a witness with evidence helpful to the defense. As with the previously enumerated allegations of error, petitioner has not met his burden of explaining how he was prejudiced by the failure of counsel to act. For example, petitioner does not explain what he would have argued in a motion for a new trial or in a petition for rehearing or review, fails to explain why the actions of counsel after the case had already been affirmed on appeal had any bearing on his right to effective assistance of counsel on appeal or what the unnamed witness with evidence helpful to the defense would have testified about if contacted by counsel. It is well settled that allegations which are unsubstantiated and which fail to show prejudice to the defense are not sufficient to warrant post-conviction relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Tackett v. State*, 284 Ark. 211, 680 S.W.2d 696 (1984).

Petition and amended petition denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. As I understand the facts in this case, a petition for removal was filed in federal court prior to the sentence being pronounced in the state court. Thereafter, the federal court vacated the original sentence and gave the state court sixty days within which to enter a new judgment. Judgment was entered on September 20, 1988. The petitioner, it appears, was then serving time in the Arkansas Department of Correction and was not brought before the court to be sentenced. Therefore, the sentence in absentia is unconstitutional.