Troy JOHNSON *v.* STATE of Arkansas

CR 90-99                                          796 S.W.2d 342

Supreme Court of Arkansas
Opinion delivered October 8, 1990

*Kenneth A. Hodges*, for appellant.

*Steve Clark*, Att'y Gen., *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals his conviction on two counts of delivery of a controlled substance for which he was sentenced to thirty-five years imprisonment and a $10,000 fine on

each count. The prison sentences were ordered to run concurrently. The two crimes for which appellant was charged concerned controlled substance purchases in transactions involving a state police narcotics undercover investigator, Brad Bennett, who was working with a confidential informant, Tony Garcia. On January 9, 1989 and January 24, 1989, Garcia notified Bennett that appellant was interested in helping Bennett obtain some cocaine. Garcia was present with appellant on both occasions. On January 9th, Bennett gave $325.00 "buy money" to appellant, who later the same day delivered cocaine to Bennett, but on January 24th, Garcia received the "buy money" and delivered the cocaine. Concerning the January 24th transaction, Garcia said that after receiving the "buy money" he later gave it to appellant, and like the January 9th transaction, it was appellant who actually obtained the cocaine that was purchased for Officer Bennett. The three points appellant raises do not challenge the facts surrounding the drug transactions, but instead contest the prosecutor's pre-trial conduct.

First, appellant notes that his original trial date was set for August 22, 1989, and that, while his counsel appeared and was prepared to go to trial on that date, he learned that the matter had been continued without notice to him. That same day, defense counsel met with the trial judge and deputy prosecutor and no one seemed clear as to who actually cancelled the trial and told the jury and parties not to attend. The judge instructed the prosecutor to determine who cancelled the trial and whether the confidential informant, Garcia, had reasonable cause for not appearing for trial.

On September 29, 1989, appellant moved to dismiss because his counsel had appeared ready for trial on August 22, and the trial had been improperly continued. On October 23, 1989 (the day before the second trial date), the trial judge held a hearing on appellant's motion and to review the events leading to the delay of the August 22 trial.

The record reflects that Garcia was served by subpoena on July 7, 1989, and he was directed to appear for trial on August 29 instead of the August 22 trial date. The record also shows that the state was prepared to go to trial on August 22 but Garcia had been residing in DeQueen and he had been unable to obtain transporta-

tion to Russellville for the August trial. Upon conclusion of the October 23 hearing, the trial court found that the state had duly subpoenaed Garcia, that Garcia was a necessary witness and that the delay was not due to the prosecutor's wrongful conduct. Accordingly, it denied appellant's motion to dismiss.

Our review of the trial court's decision on appellant's motion is controlled by the well-settled rule that a granting of a continuance is in the trial court's discretion, and we will not reverse unless there is an abuse of that discretion. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). Here, Garcia, a necessary witness, apparently had legitimate transportation problems that prevent him from attending the August 22 trial and the state did not cause or contribute to those problems. Thus, we are unable to say the trial judge abused his discretion.

Appellant's second argument concerns the prosecutor's failure to produce timely disclosure of Garcia's identity and address. Appellant requested this information on May 16, 1989, and did not receive Garcia's identity until the original August 22 trial date, even though the prosecutor had this information and had served a subpoena on Garcia on July 7, 1989. Appellant argues this untimely production of Garcia's identity and whereabouts prevented him from individually investigating and interviewing Garcia.

Appellant's argument fails for at least two reasons. First, it is obviously inconsistent with his earlier contention that a continuance should not have been granted because, in part, he was prepared and ready for trial on August 22, when he had not, as yet, received any information on Garcia. Secondly, as we have already discussed, the trial court ruled the continuance that occurred on August 22 and the resetting of the trial on October 24, 1989, were proper. During that period of delay, the deputy prosecutor, by letter dated October 5, 1989, informed the appellant that he could contact Garcia by contacting Officer Bennett. The prosecutor also gave defense counsel Bennett's telephone number. Although this correspondence transpired nineteen days prior to the October 24 trial, we find nothing in the record that indicates the appellant attempted to contact Garcia or that he was prevented in his efforts to do so.

Again, to reiterate the inconsistency in appellant's

arguments, if appellant had been ready for trial on August 22, when he was unaware of Garcia's identity and whereabouts, it is difficult to understand how he was prejudiced at the October 24 trial, when he had known of Garcia's identity and could have contacted him at least three weeks prior to trial. As we have stated numerous times, to obtain reversal on appeal, the appellant must show not only error but also prejudice. *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989). It is the appellant's burden to demonstrate prejudicial error, not merely to allege it. *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986), *cert. denied*, 484 U.S. 872 (1987). The appellant here fails to show how the state's initial delay in disclosing Garcia's identity and whereabouts prejudiously affected his trial held on October 24.

Appellant next complains that the prosecutor delayed giving him Garcia's prior criminal record and did so only several days before the October 24 trial. Garcia's conviction information was also corrected only one day before trial.[1] Again, appellant fails to establish how he was prejudiced. He knew of Garcia's felony conviction several days before trial, and he possessed that information when he cross-examined Garcia at trial. If appellant was somehow prejudiced by any delay in receiving this information, appellant simply fails to demonstrate it.

Appellant also suggests other reports and documents were not produced by the state although he requested them in discovery motions. We do not reach those matters, however, because appellant failed to obtain a clear ruling to preserve those issues on appeal. *Hamm* v. *State*, 301 Ark. 154, 787 S.W.2d 686 (1990). We also add that the appellant never requested any discovery sanctions that are authorized under A.R.Cr.P. Rule 19.7.

We conclude by saying that the Arkansas Rules of Criminal Procedure contemplate broad and timely pretrial disclosure and the prosecuting attorney's obligation in this respect are clearly delineated under Rule 17. The record before us reflects that, at

---

[1] By letter dated October 20, 1989, the prosecutor informed appellant that Garcia had been convicted for a felony theft and had served five years. He later corrected the information to reflect Garcia had been sentenced to five years but had served only three months.

times, neither the letter nor the spirit of this Rule was followed. Nevertheless, we affirm the case only because, under the particular facts presented here, we find the appellant was not prejudiced by the state's actions (or inactions). Even so, a prosecutor's failure to adhere to the dictates of Rule 17 can easily result in prejudice to a defendant. By the same token, such prejudice can easily be avoided by a good faith compliance with those discovery requirements contained in our discovery rules. Hopefully, our comments made now can serve to encourage expeditious disclosure of information required under our Criminal Procedure Rules and, at the same time, discourage the withholding of materials or information clearly required by those rules.

Because we find no prejudicial error in the case before us, we affirm.

HOLT, C.J., AND TURNER AND PRICE, JJ., dissent.

DALE PRICE, Justice, dissenting. I respectfully dissent. I am compelled to write concerning the prosecutor's tactics in this case.

The first instance of misconduct occurred when the prosecutor failed to furnish to the defendant, as soon as practicable, the names and addresses of all the state's witnesses, along with the prior convictions of such witnesses. *See* A.R.Cr.P. Rule 17.1(a)(i) and (vi); A.R.Cr.P. Rule 17.2

On May 16, 1989, over three months before trial was scheduled, the appellant filed discovery motions seeking the names and addresses of prosecution witnesses and seeking the identity of any confidential informants. The state responded with a list of two witnesses. The response also noted that a confidential informant, name and address unknown, would testify. On July 7, 1989, the prosecutor caused a subpoena to be served on the informant, Lazario Garcia. Clearly, the prosecutor knew Garcia's name and address as early as July 7. Yet six weeks later, on the scheduled trial date of August 22, this information still had not been provided to the appellant.

On August 22, the appellant was finally told of Garcia's identity, but was not provided with Garcia's address or his record of prior convictions. On September 29, the appellant was forced to file a motion to compel, asking that the state be ordered to produce the information. On October 5, the state responded, not

with pertinent information, but with the suggestion that the appellant contact the informant through another agency, namely the state police. This does not comply with the discovery rules.

The second instance of misconduct concerns the rescheduling of the August 22 trial date. On August 21, appellant's counsel, while conferring with appellant, received a call from the prosecutor advising them that he, the prosecutor, was requesting a continuance. Appellant's attorney explicitly objected and demanded the trial proceed the following morning. The prosecutor then notified appellant's attorney that there would be a hearing on the motion at noon on August 22. Appellant's attorney appeared in court at 8:30 on August 22 prepared for trial. The appellant, who was incarcerated, was not present nor were the court personnel or prosecuting attorney, the judge or the jury panel. Appellant moved for dismissal of the charges, and a hearing was held on the motion on October 23, 1989, where testimony developed that the prosecutor had been unable to get in contact with Garcia and verify if he would be present. The prosecutor acknowledged that he did not recall talking to the judge but talked to "Roberta or Johna" and a decision was made that the jury would not be called in. That party, who called off the trial and jury, was not the judge, for he ordered an investigation concerning the cancellation. Certainly, the appellant was unaware of the cancellation; he appeared in court on the 22nd ready for trial. The prosecutor cancelled the trial, or caused it to be cancelled, without even contacting the judge or appellant's counsel. This becomes even more obvious upon viewing the subpoena the prosecutor sent the informant Garcia. The subpoena, served in July, directed Garcia to appear on the wrong date, August 29 rather than August 22. I conclude that once the prosecutor realized his mistake, he caused the trial to be cancelled. Garcia was a key witness, and the failure to provide the appellant with Garcia's name prior to trial would prohibit use of Garcia's testimony. See Lewis v. State, 286 Ark. 372, 691 S.W.2d 864 (1985). This manipulation of the judicial process should not pass unnoted. Imagine what would have happened had *defendant's* counsel talked to someone other than the judge and, without notice to the prosecutor or judge, called off the jurors and the trial.

I am also troubled by the majority's reliance on the rule that granting a continuance is within the discretion of the trial court

under the facts in this case. The prosecutor was not given a continuance by the court; he gave himself a continuance.

I would reverse and dismiss.

HOLT, C.J., and TURNER, J., join in the dissent.