Ricky ANDERSON *v.* STATE of Arkansas

CR 92-841                                    842 S.W.2d 855

Supreme Court of Arkansas
Opinion delivered December 21, 1992

*Burbank, Dodson, & McDonald*, by: *Jack W. Barker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was arrested for tampering with physical evidence and possession of a controlled substance. He twice confessed to both felonies and was charged and convicted of both crimes. He appeals and argues that the trial court made two erroneous rulings. We affirm the convictions as there was no reversible error.

■ Appellant first argues that the trial court erred in refusing to grant a mistrial following a comment by the prosecutor. We do not reach the issue because the appellant did not make an objection that would apprise the trial court of the argument he now makes. We have consistently held that an objection below must be sufficiently specific to inform the trial judge of the error complained of on appeal. *Terry v. State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

■■ Appellant next argues that the trial court erred in refusing to suppress both of his confessions because he was under the influence of cocaine and was unable to make a knowing and intelligent waiver of his *Miranda* rights. A court may properly conclude that the accused has waived his *Miranda* rights only if the "totality of the circumstances" reflects he possessed the requisite level of comprehension. *Moran v. Burbine*, 475 U.S. 412 (1986). Whether an accused had sufficient capacity to waive his constitutional rights, or was too incapacitated due to drugs or alcohol to make an intelligent waiver, is a question of fact for the trial court. *McDougald v. State*, 295 Ark. 276, 748 S.W.2d 340 (1988); *Baker v. State*, 289 Ark. 430, 711 S.W.2d 816 (1986); *Abdullah v. State*, 281 Ark. 239, 663 S.W.2d 166 (1984); *Fuller v. State*, 278 Ark. 450, 646 S.W.2d 700 (1983); *Hunes v. State*, 274 Ark. 268, 623 S.W.2d 835 (1981). While we make an independent determination based on the totality of the circumstances, we will not reverse the trial court unless its determination is clearly erroneous. *Graham v. State*, 277 Ark. 465, 642 S.W.2d 880 (1982).

The arresting police officer testified that at the time of appellant's first confession, appellant was unsteady on his feet, slurred some of his words, and appeared to be somewhat intoxicated and possibly high on cocaine, but that he was coherent, understood the process, and understood his constitutional rights and his waiver of them. Another officer testified that appellant did not appear to be under the influence of drugs and was coherent at the time he gave the first confession. Appellant disputed the State's proof and testified at the suppression hearing that he was so high that he could not comprehend his rights or the consequences of waiving them. It is noteworthy that, on cross-examination, appellant testified that he could recall the contents of his pockets from the time of the first confession. He testified that he had a matchbox with a razor blade in it, a cigarette lighter, and sixty-five cents in change.

■ The evidence presented by the State was sufficient to support a finding that appellant was not seriously incapacitated and could understand and appreciate both the nature of his constitutional rights and the consequences of waiving those rights. Under the totality of the circumstances, we cannot say the trial court's finding that appellant knowingly and intelligently waived his rights was clearly erroneous. Accordingly, we affirm.