Ravin Donnell EVERETT *v.* STATE of Arkansas

CR 93-1214                                  871 S.W.2d 568

Supreme Court of Arkansas
Opinion delivered March 7, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This appeal comes from a conviction for capital murder. The only issue is the trial court's refusal to suppress a statement made by appellant to the police. There is no merit to the argument.

Ravin Everett, appellant, was charged with the capital murder of Marvin Donley on September 5, 1992. On September 8,

1992, appellant was taken into custody by the Little Rock Police Department and while in their custody, gave an inculpatory statement. On April 2, 1993, a hearing was held on the appellant's motion to suppress the custodial statement. The motion was denied. On July 21, 1993, a jury trial was held and appellant was found guilty of capital murder and sentenced to life without parole. Appellant appeals from that conviction. Appellant argues his statement to the police should have been suppressed for three reasons: 1) he was intoxicated at the time of the interrogation; 2) he asked for an attorney and that the questioning cease, but the interrogation continued; and 3) the interrogation tactics of the police render the confession involuntary.

Custodial statements are presumed to be involuntary, *Moore* v. *State*, 301 Ark. 1, 791 S.W.2d 698 (1990), and on appeal the burden is on the state to show the confession was made voluntarily, freely, with understanding, and without hope of reward or fear of punishment. *Sanders* v. *State*, 305 Ark. 112, 805 S.W.2d 953 (1982). The issue of voluntariness of an inculpatory statement given by an accused in custody is one this court determines after considering the totality of the circumstances in the case. It is for the trial court to decide questions of credibility and conflicts in testimony and we will not reverse unless the decision is clearly erroneous. *Patterson* v. *State*, 306 Ark. 385, 815 S.W.2d 377 (1991).

The officers who interrogated appellant testified that a *Miranda* form was completed advising appellant of his constitutional rights. Detective Ronnie Smith testified Everett told them he had completed the ninth grade, repeated the tenth grade and could read and write. Smith said Everett read the rights form along with them, indicated he understood it and signed the waiver portion of the form.

Smith further testified Everett was interrogated in a 10 x 12 room and did not appear to be under the influence of alcohol or drugs, nor did he exhibit erratic or unusual behavior. Smith said at no time did Everett request an attorney or ask that the interrogation cease. Other detectives testified to the same effect.

Appellant testified he was under the influence of drugs and alcohol at the time of the interrogation and had requested an

attorney. Appellant's mother corroborated his claim that he had been drinking heavily that day. While being under the influence of alcohol or drugs is not in itself sufficient to invalidate a confession, *Davis* v. *State*, 308 Ark. 481, 825 S.W.2d 584 (1992), the issue was resolved by the trial court as a matter of credibility. We discussed the voluntariness of custodial statements in some detail quite recently in *Thomas* v. *State*, 315 Ark. 504 (CR93-520, January 18, 1994).

Obviously, the trial court discounted appellant's claim that he had requested an attorney.

■ Appellant argues the police used impermissible tactics — they admitted they wanted to get a confession from him and that a second set of detectives interrogated him, thus the confession was involuntary. Appellant has cited no authority except *Miranda*, and we find nothing in that opinion pertinent to the facts of this case which would prohibit such methods. Having reviewed independently the testimony of the detectives who interrogated appellant, we are satisfied the interrogation was handled in accordance with *Miranda*.

Affirmed.

CORBIN, J., not participating.