Johnny A. RUCKER *v.* STATE of Arkansas

CR 94-445                                               899 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered May 30, 1995

---

*Janice Williams Wheeler* and *Benny M. Tucker*, Public Defenders for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Johnny Rucker was tried and convicted of capital murder and was sentenced to life imprisonment without parole. Appellant raises ten points for reversal. We find no merit to any of these points and affirm.

The body of Cindi Smith was found by her father in her mobile home in Arkadelphia about 10:00 a.m. on February 10, 1993. Appellant, a crack cocaine user, was living with her at the time of her death. The victim's body was found on its side on the floor with a .22 caliber pistol resting on her left hand. She had been shot in the back of the head. The victim's car was missing, and the Arkadelphia police had been receiving reports that morning that someone was attempting to cash checks on the victim's bank account at various local businesses. Based on this information, the Arkadelphia police put out a "be on the lookout" (BOLO) message, which described the vehicle and gave its license plate number, and stated that Johnny Rucker was probably the driver and had been passing forged checks in Arkadelphia, and that the owner of the vehicle had been found dead.

The city marshall in Gurdon heard the message and stopped appellant about 1:00 p.m. and held him at gunpoint until another Gurdon officer arrived. The officers handcuffed appellant, read him his rights, told him he was under arrest for passing forged checks and placed him in the police car. A Clark County officer arrived shortly and questioned appellant about the checks. Appellant admitted he had been cashing checks on Cindi Smith's account and that he had been using the money to buy drugs. Arkadelphia police then arrived and searched the car, finding .22 shells, and Cindi Smith's purse and blank checks. Appellant was taken to Arkadelphia where he gave two statements implicating himself in the murder. He claimed in one version that the victim was shot during a struggle over her gun. After the officers questioned this version, he then claimed that he shot her in the back of the head

from about 6 feet away, because he did not want her to stop him from leaving in her car to obtain more drugs. He claimed to have been high on crack cocaine when the shooting occurred.

Appellant first submits that there was insufficient corroborating evidence to support a conviction based on his confession. Appellant moved for a directed verdict at the close of the state's case, stating, "the defense moves for a directed verdict on the grounds of the insufficient evidence and a *lack of corroboration of the defendant's statements sufficient to prove this charge as alleged in the information.*" (Emphasis added.) Appellant made a renewal of his directed verdict motion at the close of all the evidence.

The requirement of corroboration is statutory. Ark. Code Ann. § 16-89-111(d) (1987) provides:

> A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that *the offense was committed.* (Emphasis added.)

In order for the state to comply with this statute, it is only necessary to show that the crime has been committed, and not any further connection between the crime and the defendant. *Harte v. State*, 301 Ark. 200, 783 S.W.2d 40 (1990).

Appellant argues that the testimony of the state's medical examiners established that the gunshot wound was a contact wound, which was inconsistent with appellant's statement that he shot the victim from a distance of six feet, and also left open the possibility that the victim committed suicide. However, both pathologists who testified stated that, in their opinion, the shooting was homicide and not suicide, based on the location of the entry wound and the path the bullet made through the head. This testimony constituted substantial evidence to corroborate the defendant's confession that the death was the result of criminal activity and not suicide.

Rucker next argues that the trial court erred in allowing the state to amend the information on May 13, 1993, to add an alternative charge. Rucker was originally charged by information on February 11, 1993, with capital felony murder, on the basis that the victim was killed in the furtherance of the commission of a

felony, pursuant to Ark. Stat. Ann. § 5-10-101 (Repl. 1993). The information was amended to add as an alternative, the charge of premeditated and deliberated murder, pursuant to § 5-10-101. The trial was held on September 27, 1993. Rucker argues that the rule permitting alternative charges for the same offense, Ark. Stat. Ann. § 16-85-404(a) (1987), is in conflict with § 16-85-407(b), which prohibits an amendment to an indictment which changes the nature or degree of the crime charged.

■ This argument is without merit as this court has held that such a change involved in the alternative charge does not change the nature of the crime charged, as prohibited by § 16-85-407(b). *Baumgarner* v. *State*, 316 Ark. 373, 872 S.W.2d 380 (1994); *Smith* v. *State*, 310 Ark. 247, 827 S.W.2d 279 (1992).

■ Rucker argues that the trial court erred in not rearraigning him on the alternative charge. However, he failed to properly object, or to obtain a ruling from the trial court on this issue and we do not address this argument. *Johnson* v. *State*, 303 Ark. 313, 796 S.W.2d 342 (1990).

■ Appellant next submits that the trial court erred in denying his motion to suppress the items found in the victim's car and his confession on the basis that they were the fruits of an illegal arrest. He argues that the stop and search were in fact pretextual and that based on this court's holding in *Friend* v. *State*, 315 Ark. 143, 865 S.W.2d 275 (1993), the BOLO message issued by the Arkadelphia police did not contain an instruction to make an arrest as required by *Friend*, and the Gurdon officers lacked the requisite trustworthy information necessary to constitute probable or reasonable cause without an instruction to arrest from officers actually possessing the information. However, in *Friend*, Arkansas State Police arrested the defendant based on a message received from Sevier County officers which requested '[a]ttempt to locate, stop and *hold for homicide investigation*, Michael Friend . . . .' (Emphasis added.) No further information regarding the homicide was provided in this message. This court held that the Sevier County officials did not instruct the arresting officers to arrest appellant, but merely to stop and hold him for questioning in a homicide investigation. Although we do not have a verbatim statement of the Arkadelphia officers' radio message, the testimony indicates that the BOLO message

gave a description of the car, the license plate number and the fact that Johnny Rucker was probably the driver, that he was passing forged checks in Arkadelphia, and that the owner of the vehicle he was driving had been found dead in her home. Unlike the message in *Friend*, which merely stated that the suspect should be held for investigation, the BOLO message aired by the Arkadelphia police contained sufficient information to enable the Gurdon officers and the Clark County officers to make the arrest in this instance.

■ The appellant argues that the court erred in finding that he made a voluntary confession; he claims to have been high on cocaine when he talked to the officers, and that his confession was not freely and voluntarily given under the circumstances. For a review of the voluntariness of confessions, we make an independant determination based on the totality of the circumstances and reverse the trial court only if clearly erroneous. *Everett v. State*, 316 Ark. 213, 871 S.W.2d 568 (1994).

■ Appellant submits that the combination of his cocaine intoxication and low IQ would be sufficient to render the waiver and the resulting confession involuntary. The factors to consider when there is a claim of alcohol or drug intoxication are set out in *McDougald v. State*, 295 Ark. 276, 746 S.W.2d 340 (1988). When such a claim is advanced, the level of a defendant's comprehension is a factual matter to be resolved by the trial court. *Anderson v. State*, 311 Ark. 332, 842 S.W.2d 855 (1992). In this case, the trial court heard defense witnesses' testimony (other inmates) who claimed that appellant was under the influence of cocaine at various times during and after his interrogation, and also heard testimony from the officers who had interrogated the appellant; the officers' testimony supported the trial court's finding that appellant was not under the influence of drugs, and the trial court obviously resolved the conflict in testimony in favor of the state. The defendant's claim of mental impairment is also without merit; a psychologist's report indicated that Rucker was 25 years old, had graduated from Sparkman High School, and that at the time of the commission of the offense did not suffer from mental illness or lack the capacity to appreciate the criminality of his conduct.

■ Appellant also asserts the court erred in not allowing

testimony of two men who had been in the Arkadelphia jail when he was interrogated and gave his confession. Both were allowed to testify at the suppression hearing on the issue of Rucker's alleged impairment as it pertained to the voluntariness of his statement. The prospective witnesses first observed appellant several hours after his interrogation commenced. One of these witnesses testified at the suppression hearing that Rucker's behavior could have been due to stress and lack of sleep as opposed to the effects of drugs. The trial court ruled that their testimony would not be relevant. The question of relevance is within the sound discretion of the trial court. *Simpson* v. *Hurt*, 294 Ark. 41, 740 S.W.2d 618 (1987).

■ ■ However, we have also addressed this issue in a number of cases and have found that the purpose of the *Denno* hearing (Ark. Code Ann. § 16-89-107 (1987)) is to prevent a jury from hearing a confession before the court determines whether it has been voluntarily given and not to restrict evidence after the court has made the determination of voluntariness. *Kagebein* v. *State*, 254 Ark. 904, 496 S.W.2d 435 (1973). The defendant still has the constitutional right to have his case heard on the merits by a jury, including the weight and credibility the jury might give to the voluntariness of the confession. *Walker* v. *State*, 253 Ark. 676, 488 S.W.2d 40 (1972). Here, the testimony of the two fellow prisoners would have been only cumulative, as there was other evidence presented, including the defendant's statements, that he was using drugs before and after the commission of the crime. Thus, the defendant has failed to show prejudice, and even if the exclusion of the testimony was error, it was harmless error in this instance.

■ ■ Rucker next argues that the trial court erred in failing to order a psychiatric evaluation by the state hospital, that the psychologist's report actually performed was not certified, and that a hearing should have been held on this matter. The latter two points were not raised below. Arguments not raised at trial or which change the grounds of an objection made below will not be addressed on appeal. *Smith* v. *State*, 310 Ark 247, 837 S.W.2d 279 (1992); *Dixon* v. *State*, 310 Ark 460, 839 S.W.2d 173 (1992). As to the first point, the trial court correctly determined that the evaluation by a local, approved psychologist was a proper alternative and was in compliance with Ark. Code Ann.

§ 5-2-305 et seq. (Repl. 1993). Further evaluation is discretionary with the trial court, and this argument therefore lacks merit.

Finally, appellant challenges the admission of testimony regarding the source of the money that was in the victim's bank account, arguing that the probative value of the evidence presented was outweighed by its prejudicial effect pursuant to Ark. R. Evid. 403. The appellant makes no convincing arguments concerning the prejudicial effect of the testimony and we find no abuse of discretion in admitting it.

Throughout his arguments, appellant asserts violation of his constitutional rights pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments. However, he presents merely conclusory allegations without supporting authority, and we decline to consider these arguments. *See Taylor* v. *State*, 297 Ark. 627, 764 S.W.2d 447 (1989); *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992).

The record in this case has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h) for other procedural error and no such error has been found.

The jury's verdict and sentence are affirmed.