# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2917

_____

| | | |
|---|---|---|
| Clay Anthony Ford, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Larry Norris, Director, Arkansas | * | District of Arkansas. |
| Department of Correction, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 14, 2004

Filed: April 14, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This is an appeal from an order granting a petition for habeas corpus to a state prisoner. *See* 28 U.S.C. § 2254. Because we conclude that the district court incorrectly applied the controlling law in this case, we reverse.

## I.

In 1980, Clay Ford shot and killed Sergeant Glen Bailey of the Arkansas State Police. After Mr. Ford was tried, found guilty of capital murder, and sentenced to

death, we upheld the federal district court's decision overturning the conviction on collateral review. *See Ford v. Norris*, 67 F.3d 162, 163-64 (8th Cir. 1995). On retrial, Mr. Ford was sentenced to life in prison. He pursued his direct appeal in the state courts, *see Ford v. State*, 334 Ark. 385, 976 S.W.2d 915 (1998), and then filed a state habeas petition, alleging, as relevant here, that he was deprived of the effective assistance of counsel when his attorney failed to object to statements by the prosecution made during closing arguments. After the Arkansas Supreme Court rejected this claim, *see Ford v. State*, No. CR 00-302, 2001 WL 1203446, at *3 (Ark. Oct. 11, 2001) (per curiam), Mr. Ford filed a petition for habeas corpus in federal district court. That court granted his petition, and the state filed this appeal.

At Mr. Ford's second trial, after the jury found him guilty of first degree murder rather than capital murder, it was faced with the choice of sentencing Mr. Ford to life in prison without parole or to a term of ten to forty years. *See* Ark. Stat. Ann. §§ 5-10-102(c), 5-4-401(a)(1), 16-93-607(c)(1). During closing arguments at the sentencing portion of the trial, the prosecutor stated that because of the good time credit that Mr. Ford accumulated during the seventeen years that he had already been incarcerated, coupled with the rules for parole eligibility, he could immediately "just about flatten" a forty-year sentence. The prosecutor argued that because of this credit, giving Mr. Ford anything less than a life sentence would be "basically giving him the keys to the prison door." Mr. Ford's attorney did not object to these statements, and Mr. Ford was sentenced to life in prison without parole.

In his state habeas proceedings, Mr. Ford claimed that the statements that the prosecutor made were false and outside the record, and he argued that the failure of his attorney to object to the statements deprived him of his right to the effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). On appeal, the Arkansas Supreme Court held that if Mr. Ford's attorney had objected, the trial court probably would have overruled the objection. *See Ford v. Arkansas*, 2001 WL 1203446, at *3. Under Arkansas law, the court stated, the defense had "opened

the door" to the prosecutor's statements by noting in his own closing argument that the prosecutor would bring up the issue of Mr. Ford's parole eligibility. *Id.* (citing *Sheridan v. State*, 313 Ark. 23, 852 S.W.2d 772 (1993)). Accordingly, the court decided that Mr. Ford was not denied his right to the effective assistance of counsel because his attorney did not act incompetently by failing to object to the state's closing argument. *Cf. Strickland*, 466 U.S. at 687.

The district court, adopting in its entirety a federal magistrate judge's report and recommendation, concluded that the Arkansas Supreme Court's decision "was contrary to, [and] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). The district court decided that an objection to the prosecutor's remarks "undoubtedly would have been sustained." The Arkansas Supreme Court's contrary holding, the district court went on to hold, constituted an unreasonable application of *Strickland* to the facts of Mr. Ford's case. The failure to object, according to the district judge, fell below the objective standard of reasonable representation. *Cf. Strickland*, 466 U.S. at 687-88. The court went on to find that Mr. Ford was prejudiced because the jury was left to deliberate with the false impression that they had no choice but to sentence him to life in prison or effectively release him immediately.

## II.

In recognition of the special role of the federal courts in seeing to it that federal law is properly followed regardless of forum, Congress has created a legislative exception to the rule of finality that ordinarily applies to cases that have been fully tried and appealed. *See* 28 U.S.C. § 2254. But § 2254 makes perfectly clear that when reviewing state court judgments in habeas corpus cases, our ability to grant relief is sharply limited to those cases involving unreasonable determinations of fact or clear errors of federal law. *See* 28 U.S.C. § 2254(d)(1). Nor do we pass on issues of federal law that have not first been presented to state courts. This latter principle

reflects a respect for state judicial systems, an unwillingness to correct mistakes that the states have not first been given an opportunity to correct themselves.

Mr. Ford asserts that the state proceedings deprived him of his right to counsel under the Sixth Amendment. As the Supreme Court has long made clear, "the right to counsel is the right to the effective assistance of counsel." *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Effectiveness, however, is specific to the legal context in which the counsel operates. A lawyer can be ineffective in many ways: She might fail to make a pertinent federal-law argument, or she might fail to make a pertinent state-law argument. Thus in a *Strickland* claim it is always the conduct of the attorney that is being challenged. There is nothing about the claim itself that necessarily constitutes a challenge to the underlying legal rules that the allegedly ineffective counsel should have invoked. Therefore, the claim that a lawyer was ineffective for not objecting to certain statements is not itself a federal challenge to the statements themselves. The statements could be objectionable because they violated the federal constitution or they could be objectionable because they violated a state legal rule. *Strickland* does not commit a petitioner to any particular theory of his counsel's ineffectiveness. That is an issue on which the petitioner must make a specific argument.

In this case, Mr. Ford claimed that his lawyer failed to object to statements made by the prosecution that were allegedly false and outside the record. His claim, however, was based entirely on the law of trial procedure, and in an Arkansas court these matters are, of course, governed by Arkansas law. In Mr. Ford's case, the Arkansas Supreme Court came to the conclusion that had Mr. Ford's attorney objected to the prosecutor's statements, the objection, as a matter of Arkansas law, would probably have been overruled. Contrary to the district court's opinion, this determination was not an application of federal law to the particular facts of Mr. Ford's case. Rather, the Arkansas Supreme Court was applying Arkansas law to the facts of Mr. Ford's case. The Arkansas Supreme Court is the final authority on

the interpretation of Arkansas law. As the supreme judicial authority of the state, it decides what state law is, an issue which cannot itself be reviewed in a federal habeas proceeding. The district court essentially overruled the Arkansas Supreme Court on a matter of Arkansas law, which is something that it cannot do.

The result that we reach here follows not only from the logic of habeas review but also from our own precedents. In *Jenner v. Class*, 79 F.3d 736 (8th Cir. 1996), we considered a similar habeas petition alleging ineffective assistance of counsel for failure to raise a point of state law. In that case the defense attorney had failed to ask for a particular instruction. *See id.* at 740. On collateral review, the state supreme court ruled that the defendant would not have been entitled to the instruction that his counsel did not ask for. *See id.* "Given [the state supreme court's] ruling," we held, "there is no basis for ruling that counsel was deficient for not proposing the instruction." *Id.*

The particular rule applied by the Arkansas Supreme Court in this case may be odd, and the statements that the prosecuting attorney made may be open to a federal constitutional attack on due process grounds or on some other basis. It is also possible that Mr. Ford's lawyer was ineffective in not making such a challenge at trial and on appeal. We do not address these issues because, after exhaustively reviewing the pleadings, briefs, and arguments in this habeas petition and in the state post-conviction proceedings, we were unable to locate a single instance in which these arguments were advanced. Throughout his post-conviction proceedings, Mr. Ford has argued simply that the prosecution's statements during closing argument were false and outside the record. He has argued repeatedly that his attorney should have objected to their admission and has cited to cases involving the Arkansas law of trial procedure in support of this contention. It is true that in a few places during the long course of this litigation, Mr. Ford's briefs and arguments contain vague references to the unfairness of the prosecution's statements; but the law of this circuit "requires that the applicant for a writ of habeas corpus refer to a specific federal constitutional right,

-5-

a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent constitutional issue" in state court before we will evaluate a claim. *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1988) (internal quotations omitted).

Not once either in state court or in federal court did Mr. Ford argue that the prosecution's statements themselves violated the United States Constitution or any other provision of federal law, nor did he cite to a single case that could be reasonably construed as authority for such a proposition. None of the courts that have considered the legality of the prosecution's statements has purported to rely on anything other than the ordinary law of procedure in reaching its conclusions, and there is nothing to suggest that those courts even considered the possibility that the statements violated federal law. Finally, Mr. Ford did not argue in the district court that the rule of Arkansas law relied on by the Arkansas Supreme Court violated federal law, nor did the district court base its holding on any such federal theory. In short, even under the most generous possible reading of the record, no federal challenge to the prosecution's statement is properly before us.

III.

For the reasons stated above, we find that the Arkansas Supreme Court's decision did not involve an unreasonable interpretation or application of federal law. Accordingly, we reverse the decision of the district court.

_____