SLIP OPINION



Cite as 2014 Ark. 43

# SUPREME COURT OF ARKANSAS

No. CR-86-114

|  |  |
|---|---|
| RICHARD ALFORD<br><br>PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** January 30, 2014<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR POSTCONVICTION RELIEF PURSUANT TO ARKANSAS RULE OF CRIMINAL PROCEDURE 37.1 AND MOTION FOR APPOINTMENT OF COUNSEL [CIRCUIT COURT OF BENTON COUNTY, 04CR-85-205]<br><br>PETITION DISMISSED; MOTION DENIED. |

## PER CURIAM

In 1985, petitioner Richard Alford was found guilty by a jury of murder in the first degree and sentenced to life imprisonment. We affirmed. *Alford v. State*, 291 Ark. 243, 724 S.W.2d 151 (1987). In 1987, petitioner filed in this court a petition to proceed in the trial court with a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1985) that was denied. *Alford v. State*, CR-86-114 (Ark. Mar. 27, 1987) (unpublished per curiam).

Now before us is petitioner's second petition to reinvest jurisdiction in the trial court to consider a petition under the version of Arkansas Rule of Criminal Procedure 37.1 in effect when he became eligible to file a petition.[1] He has also filed a motion seeking appointment of counsel. The motion for appointment of counsel is denied inasmuch as there is no ground

---

[1]The petition was filed under the docket number assigned to the direct appeal of the judgment when it was lodged in this court in 1986.

SLIP OPINION

stated in the petition that warrants postconviction relief, and the petition is subject to dismissal as an unauthorized second petition.

Rule 37, as it applied to petitioners with judgments entered before July 1, 1989, that had been affirmed on appeal, requires the petitioner to obtain leave from this court before filing a postconviction petition in the trial court.[2]  Rule 37.2, as it applies to petitioner, provides that a petition under the Rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void, i.e., a complete nullity.  *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985);  *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182 (per curiam), *cert. denied*, 452 U.S. 973 (1981).  Trial error, even error of constitutional dimension, is not sufficient to warrant granting relief under Rule 37.2 if the issue was raised, or could have been raised, at trial and on the record on appeal.  *Halfacre v. State*, 2010 Ark. 377 (per curiam); *Taylor v. State*, 297 Ark. 627, 764 S.W.2d 447 (1989) (per curiam).  A claim of ineffective assistance of counsel does not entitle the petitioner to postconviction relief as such a claim does not in itself render the judgment a complete nullity.  *See Martin v. State*, 277 Ark. 175, 639 S.W.2d 738 (1982) (per curiam).  The burden is on the petitioner to establish that there is a ground sufficient to void the judgment of conviction.  *Travis*, 286 Ark. 26, 688 S.W.2d 935.

---

[2]Arkansas Rule of Criminal Procedure 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 & the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989).  Rule 37 was reinstated in a revised form on January 1, 1991. *In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990).  The revised rule does not require petitioners who were convicted after the reinstatement of Rule 37 to gain leave of this court before proceeding in the trial court.

Petitioner here contends that he is entitled to postconviction relief on the grounds that he was denied effective assistance of counsel, he was denied due process of law, and the jury was not properly instructed. As stated, petitioner's claims of ineffective assistance of counsel are not sufficient to render a judgment of conviction absolutely void. *See Munnerlyn v. State*, 2013 Ark. 339 (per curiam).

Petitioner's allegation that he was denied due process of law is conclusory; that is, it entirely lacks factual substantiation from which it could be determined that petitioner was denied some fundamental right. Conclusory claims are not a ground for relief under Rule 37.1. *Green v. State*, 2013 Ark. 452 (per curiam).

Petitioner's remaining grounds for relief are assertions of mere trial error. Such issues could have been raised at trial and are not a claim sufficient, if proven, to void the judgment absolutely. *Halfacre*, 2010 Ark. 377.

Finally, petitioner acknowledges that the instant petition is the second request filed in this court seeking Rule 37.1 relief pertaining to the criminal case at issue and urges this court to consider it, nevertheless. Under the applicable provision of the Rule, petitioner was required to raise all issues for postconviction relief in the original petition unless that petition was denied without prejudice. Ark. R. Crim. P. 37.2(b) (1985); *Ruiz v. State*, 280 Ark. 190, 655 S.W.2d 441 (1983) (per curiam). When petitioner's original petition filed in this court in 1987 was denied, he was not given permission to file a subsequent petition. Petitioner was therefore not allowed by the Rule to file another petition under the Rule, and the instant petition is subject to dismissal on that basis. *See Moss v. State*, 2013 Ark. 512 (per curiam). Petitioner argues that this court

SLIP OPINION

should allow a second petition because his attorney filed the original petition without his approval and it was not complete. We are not persuaded to permit a second petition here. The allegations raised in the petition are clearly insufficient to render the judgment a nullity, and the petition does not establish any good cause to permit a second petition.

Petition dismissed; motion denied.

*Richard Alford*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Senior Ass't Att'y Gen., for respondent..